CIACCIO, Judge.
This is an appeal from a ruling of the trial court granting a permanent injunction preventing the Louisiana Wildlife and Fisheries Commission (“the commission”) from issuing an oyster lease to Lindy or Jean LeBouef and ordering the Commission to accept the application of Van Robin, plaintiff herein. We affirm the judgment of the trial court. Facts
On September 25, 1991, Mr. Lindy Le-Bouef and his wife Jean LeBouef went to the office of the Wildlife and Fisheries Commission to obtain an oyster lease. With the assistance of employee William Nix, Mr. Le-Bouef completed the oyster lease application numbered “PP59” with the Commission Survey Division and paid the $1300.00 deposit fee in cash. Mr. LeBouef signed the application, and the size of the area was calculated by Mr. Nix to be 410 acres. At the time PP59 was completed, Lindy LeBouef had 750 acres leased listed under his name, and Jean LeBouef had leased 465 acres listed under her name.
By department rule, each applicant for an oyster lease is limited to 1000 acres of water bottoms. The lease application completed by Lindy LeBouef therefore exceeded the acreage limitation imposed by the Commission. Further, it was discovered that the area coverage by the lease application exceeded the “length times narrowest width” formula set forth by the Commission.
On January 8, 1992, Lindy LeBouef transferred 182 acres out of his name into the name of his wife, Jean LeBouef, giving her a total of 649 acres.
On January 14,1992, a survey of PP59 was conducted by the survey division and a final survey plat of the area was issued for an area consisting of 314 acres. On that same day, plaintiff herein, Van Robin applied for an oyster lease of the area covered in Mr. Le-Bouefs application numbered PP59.
On January 23, 1992, plaintiff filed a Petition for Writ of Injunction naming as defendant the Louisiana Wildlife and Fisheries Commission Survey Division. Plaintiff sought to prevent the Commission from acting on the oyster lease application filed by Lindy LeBouef. Lindy and Jean LeBouef filed an answer to the writ of injunction. Following a hearing, a preliminary injunction was issued on March 30, 1992 in favor of plaintiff. On January 26, 1993, a trial on the merits was held, and on March 2,1993 it was ordered that a permanent injunction issue enjoining the Commission from issuing a lease of the area covered in PP59 to Lindy LeBouef. In addition, the court ordered the Commission to accept a lease application for this area from Van Robin.
It is from this judgment that Lindy and Jean LeBouef now appeal.
Appellants argue that the trial court erred in disregarding the Commission’s interpretation of its rules regarding notifying an applicant prior to cancellation of a lease. Appellants further argue that the trial court erred in invalidating the LeBouef s application and in ordering the Commission to accept an application from Van Robin.
The trial court, in its reasons for judgment stated:
The rules of the Department of Wildlife and Fisheries, Chapter 5, Section 501-B, 1-b, provides that “no new applications will be taken or lease issued where length exceeds its narrowest width by more than a factor of three except as follows”, (none of the exceptions are applicable to this case).
The application PP-59 as drawn violated the length, width provision by a factor of 3.
The rules further provide no application will be accepted that will cause an application to exceed a total of 1,000 acres under lease, and application reference RS 56:432 subsection 4 says, “an oyster lease applicant will be given 30 days to reduce lease acreage prior to cancellation of any application that would cause his lease acreage to exceed 1,000 acres. If the reduction is not made within 30 days the application will be cancelled, and all fees retained by the department”.
*920 The lease in question, PP-59, filed by Lindy J. LeBouef, for 410 acres would have exceeded the 1,000 acre limitation as well as the length times width.
The application should not have been accepted.
Mr. LeBouef states that this was his wife’s application, however the Court does not believe this testimony.
This acreage violation was not corrected within 30 days, and on October 14th, some three months later, the petition [sic] was denied a right to file an application.
There is no requirement that the department notify the applicant that he or she is in violation to start the 30 days running.
The Louisiana Wildlife and Fisheries Commission is therefore enjoined from processing the application of Lindy J. Le-Bouef, and to permit the filing of an application by the plaintiff herein.
We find no error in the trial court’s conclusion that departmental rules do not require written notice to the applicant prior to the cancellation of the application for lease. Notwithstanding the fact that the department may have sometimes provided such notice, the rule with regard to correction of a violation provides:
Title 76, Rule I, No. 4 provides:
4) An oyster lease applicant will be given 30 days to reduce lease acreage prior to cancellation of any application that would cause his lease to exceed 1,000 acres. If the reduction is not made within thirty (30) days, the application will be cancelled and all fees retained by the department.
In the present ease, Mr. LeBouef failed to reduce his acreage within the time prescribed by law. Although Mr. LeBouef contends the Commission failed to advise him of this violation we find no statutory requirement that the applicant receive written notice prior to cancellation of a lease application.
Mr. LeBouef also contends that the trial court erred in cancelling the lease application as his wife was present when the application was filed and although it was not signed by her, the application was intended to be entered in his wife’s name. He argues therefore that the application did not exceed the acreage limitations. However, the trial court stated that it did not believe Mr. Le-Bouef s testimony that the application was entered on behalf of his wife. We will not disturb this factual finding by the trial court which is well within its discretion.
Further, we find no merit in appellant’s argument that the trial court’s ruling ordering the Commission to accept plaintiffs application is contradictory. As appellant’s application numbered PP59 is invalid, plaintiff may file an application for lease of this area or a part of this area subject to review by the Commission.
Accordingly, the judgment of the trial court is affirmed.

AFFIRMED.